Barnard, P. J.,
found as follows: First. That the plaintiff, the board of health of the village of Hew Brighton, is a department and corporation created pursuant to chapter 324 of the Laws of 1850, entitled “An act for the preservation of the public health, ” and the acts amendatory thereof, and chapter 270 of the Laws of 1885, entitled “An act for the preservation of the public health, and the registration of vital statistics, ” and the acts amendatory .thereof. Second. That the defendants were the trustees of school-district Ho. 4, of the town of Castleton, in the county of Richmond. Third. That the village of Hew Brighton and the town of Castleton are the same territory, and co-extensive. Fourth. That the defendants as trustees of said school-district, are in possession of school lands and school premises situate in the ■ said village. Fifth. That many pupils are attending the school on the said land and premises, and all under the supervision of the said defendants; that all the privies on the school premises are used by said pupils, and all of said privies flow by means of pipes, which are under the control of the said defendants, into a brook through the said village, commonly called the “ Arrietta Street Brook.” Sixth. That the said brook is an open one, and in some seasons • of the year contains but little water; that the same, after receiving the sew- • erage from the said privies, flows through a thickly populated part of the *400 village. Seventh. That the conditions referred to constitute a public nuisance, and are detrimental to life and the public health. Eighth. That on or" about the 14th day of April, 1887, Theodore Walser, an. inhabitant of said village of New Brighton, filed with the said board of health a complaint, alleging that the said conditions existed. Ninth. That thereafter the said Theodore Walser filed with the said board of health a further written complaint, alleging that conditions detrimental to life and to public health, and causes-of danger to the public health, existed in and about the school premises situate near the line of the water-course known as the “Arrietta Street Brook, ” of which premises, the defendants were the occupants and owners; that this-water-course lies near Richmond turnpike, and runs in an easterly direction through natural depressions from a point south of Brighton avenue and Richmond turnpike to the waters of New York bay; that on said premises were-water-closets and waste connections through a drain pipe; that from said-privies and through said drains excremental and putrescible matter was conveyed to and deposited in the aforesaid water-course; that by reason of all of' the above a public nuisance was created and maintained, whereby fatal diseases-were engendered and fostered; that the prevention of disease and preserva-■ tion of the public health required the suppression and removal of the said nuisance. Tenth. That thereupon the said board ordered the said trustees of the-said school-district to abate the said nuisance by disconnecting all privies from the said water-course. Eleventh. That on or about the 6th day of May, 1887,. a copy of this order was served upon the defendants. Twelfth. That on the-2d day of July, 1887, a notice in writing, issued by the said board of health, notifying the defendants to show cause at a special meeting of the plaintiff to-be held at the village hall, was served upon the said defendants. Thirteenth. That the defendant William 0. Casey appeared before the said board on be- • half of the said trustees, and presented testimony in their behalf. Four-teenth. That then and there a hearing was had, testimony on behalf of the-complainant was given, and the testimony on behalf of the defendants was received, and an opportunity given to either side to cross-examine witnesses. Fifteenth. That after having afforded an opportunity to all who desired to be-heard, and all who desired having been heard, and after due deliberation, and on or about the 6th day of July, 1887, the said board of health adjudicated, that the said conditions constituted a public nuisance, and were detrimental to life and to public health, and were causes of danger to "the public health, and they made an order that forthwith the said defendants abate and remove-said nuisance by disconnecting the water-closets, privies, or sewer-pipes from the said water-course. Sixteenth. That on the 8th day of July, 1887, the said, order that the said defendants abate the said nuisance was duly served on defendants. Seventeenth. That the said conditions still exist, and that the said-defendants did not disconnect their said privies and drains from the said brook,, and that they still continue to drain the same into the said brook. Eighteenth. That the said board of health has not revoked its said orders.
AS MATTERS OF LAW.
First. The draining of the said privies into the said brook constitutes a-public nuisance, detrimental to life and to public health. Second. That the plaintiff is entitled to the relief demanded in the complaint and for an injunction forever restraining the defendants, their successors, servants, and agents, and tlie servants and agents of their successors, from draining any privies, sewer-pipes, and closets into the said brook, and from connecting any privies, closets, or sewer-pipes with said brook, or with any pipes or drains leading" into the said brook, and from violating in any way the said orders of the said, board. Third. That the plaintiff is entitled to judgment for the said injunction. Thirty days’ time is allowed from the entry hereof to comply with the-judgment.