### BOARD OF HEALTH *v.* VALENTINE.

*(Supreme Court, General Term, Second Department.   July 18, 1890.)*

1. BOARD OF HEALTH—ACTIONS—PARTIES.
    Under Laws N. Y. 1885, c. 270, § 4, providing that penalties imposed by a board of health for the maintenance of a nuisance "may be sued for and recovered with costs by said board in the name of such board," such actions are properly brought in the name of the board, without naming the individual members thereof.

2. LANDLORD AND TENANT—NUISANCE.
    A landlord is responsible for the maintenance of a nuisance on his property, where he receives rent with knowledge thereof.

Appeal from circuit court, Westchester county.

Action by the board of health of the village of New Rochelle against Eugenie Valentine to recover a penalty imposed by plaintiff for non-compliance with its regulations, and failing to abate a nuisance.   The nuisance complained of was charged to exist by reason of waste water and fæcal matter being allowed to run from premises owned by defendant into the streets of plaintiff, which premises were in possession of third parties.   Plaintiff was organized under Laws N. Y. 1885, c. 270.   The complaint was dismissed on the ground that there was no party plaintiff of which the court could take cognizance, and that the complaint did not state a cause of action.   Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles H. Young,* for appellant.   *Noxon Bros.,* for respondent.

PRATT, J.   If the defendant intended to challenge the right of the board to sue in its corporate name, he should have demurred, but, waiving that, we think the action was well brought.   The principal object of having a proper party plaintiff is to prevent the possibility of the defendant having to answer twice for the same cause of action.   The statute under which this action was instituted provides that the penalty "may be sued for and recovered with costs by said board in the name of such board, in any court having competent jurisdiction."   It seems too plain for argument that this action was well brought in the name of the board, without naming the individual members thereof. *Board* v. *Casey,* 3 N. Y. Supp. 399.   The case *Gould* v. *City of Rochester,* 12 N. E. Rep. 275, is not an authority against the proposition, as the question was not raised nor passed upon; and, besides, that action was brought under a different statute, to-wit, chapter 324, Laws 1850, and chapter 351, Laws 1882.

It ought to be enough to cite the case of *Ahern* v. *Steele,* 115 N. Y. 209, 22 N. E. Rep. 193, to show that in such a case as this the landlord is responsible for maintaining the nuisance.   The principle that the owner of the premises is liable by reason of defective construction and dangerous condition of premises, notwithstanding the premises are at the time in possession of a tenant, if the defect existed when the owner leased the property, is very old and well settled.   *Moody* v. *Mayor,* 43 Barb. 282; *Cheetham* v. *Hampson,* 4 Term R. 318; *Rosewell* v. *Prior,* 2 Salk. 460, fully reported in 1 Ld. Raym. 392, 713.   In the case last cited it was held that receiving rent for a nuisance was equivalent to maintaining it.   See, also, Moak, Underh. Torts, 253–255;   Wood, Nuis. 76–80;   *Owings* v. *Jones,* 9 Md. 108.   The nuisance complained of came under the general sanitary regulations, and hence it was not necessary to serve the order upon the occupants and owner of the premises, under section 3, subd. 6, c. 270, Laws 1885.   Judgment reversed, and new trial ordered, costs to abide event.   All concur.