Hence, the judgment of conviction should be reversed and a new trial granted.

Parker, Ch. J., Gray, O'Brien, Haight, Cullen and Werner, JJ., concur.

Judgment of conviction reversed, etc.

---

Theodore Cox, Respondent, v. William A. O. Paul, Appellant.

Theodore Cox, Respondent, v. William R. Todd, Appellant.

Theodore Cox, Respondent, v. Island Mining Company, Appellant.

1. Penalties — One Action for One Penalty. A party suing for penalties can recover for but one violation or one default prior to the commencement of the action.

2. Corporation — Refusal to Exhibit Stock Book to Stockholder — Stock Corporation Law, Section 53 — Accumulated Penalties Not Recoverable in the Same Action. The refusal of the secretary of

a corporation to permit a stockholder at his request to examine the stock book, followed the next day by a similar demand and refusal, and the president's refusal of the same request the day following, constitute but one demand and but one refusal on one occasion and not three demands and three refusals, and renders each officer and the corporation liable to but one penalty under section 53 of the Stock Corporation Law, imposing a penalty upon each officer of a corporation who refuses to exhibit the stock book, and also a like penalty upon the corporation.

*Cox* v. *Paul,* 65 App. Div. 508, modified.

*Cox* v. *Todd,* 65 App. Div. 508, affirmed.

*Cox* v. *Island Mining Co.,* 65 App. Div. 508, modified.

(Argued May 19, 1903; decided June 9, 1903.)

Appeals from judgments of the Appellate Division of the Supreme Court in the second judicial department, entered December 4, 1901, modifying and affirming as modified judgments in favor of plaintiff entered upon the report of a referee.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Benjamin Scharps* and *David Scharps* for appellants. The statute does not by any fair and equitable construction authorize the recovery of cumulative penalties. (*Sturgis* v. *Spofford,* 45 N. Y. 446; *Providence Co.* v. *Hubbard,* 101 U. S. 188; *Chase* v. *Curtis,* 113 U. S. 452; *Loveland* v. *Garner,* 71 Cal. 541; *Fisher* v. *N. Y. C. R. R. Co.,* 46 N. Y. 657; *Mix* v. *N. Y. C. R. R. Co.,* 47 N. Y. 678; *Suydam* v. *Smith,* 52 N. Y. 383; *Lewis* v. *Brainerd,* 53 Vt. 510; *Suffolk Co.* v. *Shaw,* 21 App. Div. 146.)

*William M. Bennett* and *Victor K. McElheny, Jr.,* for respondent. The law imposes a forfeiture for every refusal. (*Suffolk Co.* v. *Shaw,* 21 App. Div. 146; *Westchester Co.* v. *Dresser,* 23 App. Div. 215; *Hanson* v. *Eichstaedt,* 69 Wis. 538; *Grover* v. *Morris,* 73 N. Y. 473; *Suydam* v. *Smith,* 52 N. Y. 383; *Jones* v. *R., G. & E. Co.,* 7 App. Div. 474; *Davidson* v. *Dallas,* 8 Cal. 227; *Galbraith* v. *Galbraith,* 3 S. & R. 390; *McComas* v. *Amos,* 29 Md. 132; *Danziger* v.

*Simonson*, 116 N. Y. 329.)    The intent of the legislature to give cumulative penalties is shown by the policy of the section relating to domestic corporations.    (*Suffolk Co.* v. *Shaw*, 21 App. Div. 146.)

O'Brien, J.    The plaintiff was a stockholder in a foreign corporation and brought three separate actions against the officers of the company and the corporation itself to recover penalties under section fifty-three of the Stock Corporation Law, for the refusal of the president and secretary of the company to exhibit to him, at his request, the stock book. The statute imposes a penalty of $250 upon each officer who refuses to exhibit the stock book and also a like penalty on the corporation.    One of the actions was against Paul, the secretary, another was against Todd, the president, and the third was against the corporation.    The three actions were tried and argued below together and argued in this court as one case.    The plaintiff had judgment upon the report of a referee in the three cases.    He recovered one penalty against the secretary, two against the president and three against the corporation, making $1,500 in penalties for refusal to allow him to inspect the stock book.

The appeal presents but one question, and that is the right of the plaintiff to recover accumulated penalties in the same action.    The statute, in terms, imposes the penalty, not for each and every, but for *any* refusal on the part of the officers. The officers of the corporation were also officers of another corporation, and the office of the latter was the place where the officers were to be found and where the book in question was kept.    The corporation defendant in this case was organized in Michigan, but had transacted no business for twenty years, except to invest a fund of about $40,000, that was subject to distribution among the stockholders, of which the plaintiff was one.    It is quite inconceivable that under the circumstances the plaintiff should desire, in good faith, to see the stock book from day to day and every day ; but as the plaintiff understood that the fund in question was about to be

distributed it is easy to see that he might want to find out who the stockholders were. At all events, the learned referee found that the corporation was doing business in this state and that the president was guilty of one refusal, the secretary of two, and that the corporation for such refusals had incurred three penalties. His judgment was unanimously affirmed on appeal, so that any question of fact litigated is conclusively determined in the plaintiff's favor, but the right to recover accumulated penalties is a question of law properly presented by the record.

In an action to recover a penalty the defendant is subject to arrest and imprisonment (Code, § 549), although he may not have done anything worse than to remain silent or inactive, not actually knowing what the legal consequences might be. Hence, actions of this character are not to be enlarged beyond the express terms of the statute upon which they may be founded. In the case of a corporation like the one in question, having no business whatever except the care of a comparatively small fund, there can be no honest purpose in repeating demands from time to time, unless it be to accumulate refusals and penalties. That purpose, I think, is not to be imputed to the plaintiff in this case. He had no use for a daily inspection of the stock book, and he was not making a demand for the purpose of piling up penalties. He wanted the stock book for but one occasion, and he persisted in his demand until he was permitted to inspect it. He repeated his request for two or three consecutive days, but there was really but one demand, one refusal, one occasion and one transaction, though continuous as to time. All the conversation that the plaintiff had with the officers up to the time that he was allowed to see the book resulted in but one default, and they incurred but one penalty as to themselves and created but one cause of action against the corporation. The right to recover accumulated penalties has been much discussed in this court, and the great weight of authority is against it. One action for one penalty will subserve all the purposes of the statute, as well as an action for several. Penal

statutes are not passed to enable parties to make money by accumulating the penalties. They are generally passed for the purpose of compelling the performance of some duty, public or private, and ordinarily one penalty will secure the end as effectually as many, especially when the penalty is so large as in this case.

But quite independent of these considerations, I think that this court is committed to the doctrine that a party suing for penalties can recover but for one violation or one default prior to the commencement of the action. The reasons for this rule have been fully stated and elaborated in the cases where the question was involved, and it is not needful to repeat them here. It is quite sufficient to say that the principle seems to be well sustained by the argument. (*Sturgis* v. *Spofford*, 45 N. Y. 446, 453; *Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 N. Y. 657; *Jones* v. *Rochester Gas & El. Co.*, 168 N. Y. 65.) It seems to me that under the doctrine of these cases the plaintiff was entitled to recover but one penalty in each of the actions. The other view would permit the plaintiff to make daily demands upon every officer of the corporation, and in case they were not complied with, to bring as many actions as there were officers upon whom the demand was made for accumulated penalties and then recover the whole amount of all the accumulations from the corporation in addition. This construction would make it immensely more profitable to stockholders to have their demands for the book refused than complied with, as is well illustrated by the result in this case, where the plaintiff has recovered a sum, it may be much larger than any interest that he had in the corporation as a stockholder.

On the morning of April 25th, 1900, the plaintiff applied to the secretary for permission to inspect the book, but was refused. The next day the plaintiff went to the office again and made a like demand with the same result. The day following, that is, April 27th, the plaintiff went to the office again, and finding Todd, the president, there, made a similar demand upon him, which was refused at that time, but was

subsequently complied with. These interviews constituted the sole basis of the judgment in this case, and taking them altogether, they are quite consistent with the idea that they amounted substantially to but one demand and refusal on one occasion and not on several. The transaction was simply continued from day to day, during the three days, until the plaintiff's request was complied with. There were not, as claimed, three demands and three refusals, in any fair or proper sense. The judgment against Todd being for one penalty only, should be affirmed. The judgment in each of the two other cases should be reduced to $250, with costs of the trial only, and without costs of the appeal or in this court, and as thus modified the judgment should be affirmed.

GRAY, HAIGHT and CULLEN, JJ., concur; PARKER, Ch. J., MARTIN and WERNER, JJ., dissent.

Judgment accordingly.