UNITED STATES CONDENSED MILK CO. v. SMITH et al.

(Supreme Court, Appellate Division, Third Department.   November 14, 1906.)

PENALTIES—POSSESSION OF MILK CANS—STATUTES—CONSTRUCTION—CUMU-
LATIVE PENALTIES.

Under Laws 1902, p. 1135, c. 482, § 1, amending Laws 1896, p. 329, c.
376, § 29, prohibiting one from having in his possession without the consent
of the owner any milk can of a dealer in milk bearing his initials, and
declaring that any person violating any provision of the section shall for-
feit to the owner $50 "for every such violation," one having in his posses-
sion more than one such can of a dealer is liable for only one penalty, in
view of the strict construction required to be given a penalty statute, and
especially one claimed to authorize cumulative penalties, notwithstanding
the previous legislation on the subject (Laws 1865, p. 472, c. 295; Laws 1887,
p. 500, c. 401; Laws 1890, p. 33, c. 25; Laws 1896, p. 1112, c. 977) and
the Statutory Construction Law, Laws 1892, p. 1392, c. 677, §§ 32, 33, re-
lative to repeals and amendments.

Appeal from Special Term, Ulster County.

Action by the United States Condensed Milk Company against Max
Smith and another.   From a judgment limiting plaintiff's recovery to
$50, it appeals.   Affirmed.

This action is brought by the plaintiff to recover penalties allowed by the
law by reason of the defendants having in their possession 93 milk cans
which belonged to the plaintiff and which had the initials of the plaintiff
thereon. The jury found the fact for the plaintiff, and by agreement of coun-
sel the question as to the extent of the recovery was left with the trial judge
thereafter to determine. The trial judge thereafter determined that the plain-
tiff was entitled to one penalty only for $50, and judgment was entered ac-
cordingly. From this judgment the plaintiff has appealed, insisting that it is
entitled to the 93 penalties by reason of defendants' possession of 93 of its
milk cans.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

Fuller & Miller (C. B. Miller and Philip Elting, of counsel), for
appellant.

Edmund Bittiner (Frederick Klein, of counsel), for respondents.

SMITH, J.   The original enactment of the Legislature in regard
to penalties for unlawful use of milk cans is found in chapter 295,
p. 472, Laws 1865.   The material part of said act is as follows:

"Any person offending against the provisions hereof shall be liable to a
penalty of twenty-five dollars for each and every can so taken, used, sold, dis-
posed of, bought or trafficked in for the first offense, and fifty dollars for each
and every milk can so used, sold, disposed of, bought or trafficked in for every
subsequent offense; to be sued for and collected in the name of the people of
this state, by any party aggrieved."

In 1887 chapter 401, p. 500, was passed, so far as material to this
discussion, in the following form:

"Any person or persons who shall, in violation of this act, either use, sell,
dispose of, buy, traffic in or have in his, her or their possession, any such can
or cans, * * * shall be liable to a penalty of ten dollars for any such can,
either so used, sold, disposed of, bought, trafficked in or found in his, her, or
their possession for the first offense, and twenty dollars for each and every

can either so used, sold, disposed of, bought, trafficked in, or found in his, her or their possession for every subsequent offense, to be recovered by proceedings as herein provided and set forth, together with all costs and disbursements of said proceedings."

Chapter 25, p. 33, Laws 1890, purported to amend chapter 401, p. 500, Laws 1887. Section 4 (page 501) of that act reads:

"Any person or persons who shall in violation of this act either use, sell, dispose of, buy, traffick in, or have in his, her or their possession, any such can or cans, * * * shall be liable to a penalty of fifty dollars for any such can either so used, sold, disposed of, bought, trafficked in or found in his, her or their possession. Such penalties may be recovered by action in the supreme court of this state with costs and disbursements, and the place of trial of such actions may be in the county in which the owner or owners, dealer or dealers, shipper or shippers of such can or cans may reside at the commencement of such action."

In 1896 chapter 34, p. 2800, Gen. Laws, was passed. This was the chapter relating to domestic commerce, and was chapter 376, p. 317, of the Laws of that year. In section 29 of that act was found the following provision:

"A person violating any provision of this section shall forfeit to such owner, or dealer or shipper or his agent the sum of fifty dollars for every such violation."

This chapter expressly repeals chapter 295, p. 472, Laws 1865 and chapter 401, p. 500, Laws 1887. Later in 1896 chapter 977, p. 1112, was passed as an amendment to chapter 401 of the Laws of 1887. In that chapter it is provided:

"Any person or persons who shall, in violation of this act, either use, sell, dispose of, buy, traffick in or have in his, her or their possession any such can or cans, * * * shall be liable to a penalty of fifty dollars for each · and every offense, and each and any of such can or cans either so used, so disposed of, bought, trafficked in or found in his, her or their possession; such penalty may be recovered in an action in the supreme court of this state or any other court of record in this state, with costs and disbursements."

In section 13 of that act it is provided that "all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." By chapter 482, p. 1135, Laws 1902, section 29 of the "Domestic Commerce Law," so called, was amended. The amendment is not material to this question except as the provision is there retained that:

"Any person violating any provision of this section shall forfeit to such owner or dealer or shipper or his agent the sum of fifty dollars for every such violation."

Section 33 of the statutory construction law (Laws 1892, p. 1492, c. 677) provides:

"No provision of any chapter of the revision of the General Laws of which this chapter is a part, shall supersede or repeal by implication any law passed at the same session of the legislature at which any such chapter was enacted, or passed after the enactment of any such chapter and before it shall have taken effect; and an amendatory law passed at such session or at any subsequent session begun before any such chapter takes effect, shall not be deemed repealed unless specifically designed in the repealing schedule of such chapter."

Section 32 of the same act provides, in effect, that the provisions of a law repealing a prior law which is a substantial re-enactment of the prior law shall be construed as a continuation of the prior law, and not as a new enactment.   Under this statute the rule has been broadly stated:

"That a mere change in the phraseology or in the arrangement or division of the sections of the antecedent law, will not be construed as a change in the law unless the alteration is such as evidently purports a legislative intent to work such a change."  Opinion, Rumsey, J., in McAvoy v. City of New York, 52 App. Div. 488, 65 N. Y. Supp. 274.

If this, then, were not a penalty statute, the rule of construction would seem to be plain that in the later statute there is no sufficient indication of an intention to change the rule specifically declared in the former statute that a penalty was incurred for each and every can which was thus improperly used.   In Griffin v. Interurban Street Railway Company, 179 N. Y. 438, 72 N. E. 513, where an action was brought for penalties for refusing to give transfers which the law required, it was held that the defendant was liable, but that the penalties were not cumulative, and that but one penalty could be recovered. Judge Bartlett in writing for a unanimous court said:

"It is quite obvious that the legislative intention to permit the recovery of cumulative penalties for refusals of the defendant to comply with the provisions of the railroad law in regard to the transfer of passengers is as clearly manifested as in any of the cases cited.

"Notwithstanding this fact a majority of my Brethren are of opinion that while the rule for the recovery of cumulative penalties, as already adverted to, is firmly established by the earlier decisions of this court, yet the changed conditions in the modern life of great cities render its modification imperative.

"There have been presented at the bar of this court civil and criminal cases where the aggregate penalties sought to be recovered have amounted to enormous and well-nigh appalling sums by reason of plaintiffs permitting a long period to elapse before beginning actions.  Actions of this nature have become highly speculative, and present a phase of litigation that ought not to be encouraged.

"The court is of opinion that, if cumulative recoveries are to be permitted, the Legislature should state its intention in so many words; that a more definite form of statement be substituted for the words hitherto deemed sufficient."

This case was discussed upon reargument in 180 N. Y., at page 538, 72 N. E., at page 513.  If "the changed conditions in the modern life of great cities" render imperative a modification of the former rule and a reversal of rulings heretofore made, and if in actions for penalties the Legislature is required, if it be intended to allow cumulative penalties, to state "in so many words," the same underlying principle would require us in construing a penalty statute to be astute to find in a change of phraseology a change of intention on the part of the Legislature as to the allowance of cumulative penalties.  The act of 1902 is the last expression of the Legislature upon this question.  That provides a penalty for every violation of the act.  The possession of one can or of more than one can might well be held a single violation of the statute.  Were it not for the previous legislation upon the subject, we would have no difficulty in arriving at the conclusion that a single penalty only had been incurred in the present case.  Notwithstanding the previous legislation, however, in view of the strict con-

struction which the law requires to be given to a penalty statute, and especially of a statute which is claimed to authorize cumulative penalties, we think that we are following the direction of the Court of Appeals when we declare that one penalty only is recoverable in the case at bar.

The judgment should, therefore, be affirmed, with costs.  All concur; CHESTER and KELLOGG, JJ., in result.