(56 Misc. Rep. 511.)

### ALTHAUSE v. GIROUX.

### SAME v. GIROUX CONSOL. MINES CO.

(Supreme Court, Appellate Term.   November 29, 1907.)

CORPORATIONS—STOCKHOLDERS—RIGHT TO INSPECT RECORDS—PENALTY FOR RE-
FUSAL.

In an action by a stockholder to recover the penalty prescribed by Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, requiring the transfer agent of a foreign corporation to permit stockholders to inspect certain of its records, for a refusal of a corporation to allow him to make a complete transcript of its stock book, it appeared that plaintiff had previously brought other actions against the company and its secretary for the same penalty, and without waiting for a decision had repeated his demand for an inspection, and that he had in the four months preceding the institution of these suits brought 14 different actions against other companies for a like penalty.   Plaintiff admitted that he desired a list of the stockholders for circularizing stocks in other companies in which. he was interested.   *Held*, that plaintiff was not acting in good faith as a stockholder in his desire to transcribe the records, and that he was not entitled to recover for the refusal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 674–685.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Actions by Walter Althause against Guy E. Giroux and against the Giroux Consolidated Mines Company.   Judgments for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Dennis & Buhler, for appellant.
James A. Allen, for respondent.

LEVENTRITT, J. These appeals may be considered together, as the evidence introduced was the same in both cases. They arise out of a refusal of a second demand made by the plaintiff for an inspection and permission to make extracts of the defendant company's stock book. The law applicable has been sufficiently set out and applied in Althause v. Giroux (No. 1) and Althause v. Giroux Consolidated Mines Co. (No. 1) 107 N. Y. Supp. 191, decided at this term. On these appeals, however, the records disclose facts which call for the denial of a recovery. In the records in the former cases there was nothing presented which showed any impropriety of purpose. Now it appears that after the plaintiff had brought his first actions against the company and its secretary to recover the several penalties, and after those actions had been tried and were sub judice, the plaintiff renewed his demand for an inspection. The trials in actions numbered 1 were had on May 2d. Without awaiting the court's decision, the plaintiff made a further demand on May 6th. He was permitted on that day to inspect and to make extracts for over an hour. On May 7th he renewed his demand for a further inspection; and, it then appearing that he desired to make a complete transcript of the stock book, his request was refused, unless he should state the purpose for which he sought the transcript. This the plaintiff refused to disclose, stating merely that he did not seek it for a purpose hostile to the interests of the corporation. On the trial the plaintiff admitted on cross-examination that the only reason that a complete list of the stockholders was sought was to facilitate him in circularizing to effect the sale of stock of other companies in which he was interested. It also appeared affirmatively on this trial that the plaintiff had two other actions pending against the same parties (being actions numbered 1 already referred to), and that he had in the four months preceding the institution of these suits brought fourteen different actions against other companies to recover penalties under section 53.

We do not think that the judgments in favor of the plaintiff should be sustained. Plaintiff's purpose was not legitimate, so far as this second inspection was concerned. The issue between the parties was whether the plaintiff was entitled to a limited inspection, or one which permitted the making of unlimited extracts. Plaintiff's right to recover the penalties in the first actions turned on a question of construction. The judgments there would effectually determine his rights. To make a second demand on the eve of a decision of the prior actions indicates that the plaintiff was not actuated by an honest purpose as stockholder. His admission that he sought the list for no object related to the corporate business, and that he had 14 other suits of a similar character pending, make the language used by the Court of Appeals in Cox v. Paul, 175 N. Y. 328, 67 N. E. 586, pertinent, although the point at issue in that case was not the same as here. There the court say:

"It is quite inconceivable that under the circumstances the plaintiff should desire, in good faith, to see the stock book from day to day and every day. * * * One action for a penalty will subserve all the purposes of the statute, as well as an action for several. Penal statutes are not passed to enable

parties to make money by accumulating penalties. They are generally passed for the purpose of compelling the performance of some duty, public or private, and ordinarily one penalty will secure the end as effectually as many, especially when the penalty is as large as in this case."

The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.