STATE BOARD OF PHARMACY v. BELLINGER.

(Supreme Court, Appellate Division, Second Department.    April 22, 1910.)

1. DRUGGISTS (§ 1*)—SALE OF DRUGS—REGULATION.
    The Legislature may forbid the sale of tincture of iodine, camphor liniment, chloroform liniment, and spirits of camphor, by other than licensed pharmacists.
    [Ed. Note.—For other cases, see Druggists, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. DRUGGISTS (§ 11*)—ILLEGAL SALE OF DRUGS—PENALTIES.
    Public Health Law (Consol. Laws, c. 45) § 238, makes the proprietor of a pharmacy equally liable as principal whenever a prohibited sale of drugs is made by one not a registered pharmacist.    Section 239 provides a penalty of $25 for each violation of the article.    Held that, where several articles were thus illegally sold as a part of one transaction to the same person for the aggregate sum of 55 cents, the pharmacist was not liable for a separate penalty for each article sold as constituting a separate and distinct violation of the statute, but only for one penalty.
    [Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

3. DRUGGISTS (§ 11*)—ILLEGAL SALE OF DRUGS—ACTION FOR PENALTIES—PERSONS ENTITLED TO SUE.
    Under Public Health Law (Consol. Laws, c. 45) § 239, providing that the penalty prescribed for violation of the article may be recovered in an action in the name of the State Board of Pharmacy, the action may be brought in the name of the board itself, and need not be brought in the names of individuals who compose such board.
    [Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

4. EVIDENCE (§ 44*)—JUDICIAL NOTICE—EXISTENCE OF STATE BOARD OF PHARMACY.
    The State Board of Pharmacy having been created by statute, the courts will, in actions by it to recover statutory penalties, take judicial notice of its existence apart from the titles to office of its individual

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

members, and the board in such an action need not prove the title to office of those who are its members.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 66; Dec. Dig. § 44.*]

5. STATES (§ 46*)—APPOINTMENT—CONSTITUTIONAL PROVISIONS—"ELECTION."

Const. art. 10, § 2, provides that all officers whose "election" or appointment is not provided for, and all officers whose offices, may thereafter be created by law, shall be elected by the people or appointed as the Legislature may direct. *Held*, that the word "election" contemplates an election by all the legal electors of the state or locality, and does not apply to members of the State Board of Pharmacy, which board was created since the Constitution by Public Health Law (Consol. Laws, c. 45) art. 11, which for determining its individual membership divides the state into three sections, five members being selected from each, and provides for the "election" of the members from each section, not by the citizens generally, but by a restricted electorate, consisting in some sections of licensed pharmacists, members of incorporated pharmacy associations, and in other sections by licensed pharmacists generally; the word "election" amounting in legal effect to an appointment according to the direction of the Legislature.

[Ed. Note.—For other cases, see States, Dec. Dig. § 46.*

For other definitions, see Words and Phrases, vol. 3,.pp. 2336–2339.]

6. STATUTES (§ 106*)—LOCAL ACTS—CREATION OF STATE BOARD OF PHARMACY.

Public Health Law (Consol. Laws, c. 45) art. 11, creating the State Board of Pharmacy, is not a local act so as to be violative of Const. art. 3, § 16; it containing more than one subject not indicated in its title as forbidden in local acts by such section.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 119, 120; Dec. Dig. § 106.*]

7. STATUTES (§ 64*)—EFFECT OF PARTIAL INVALIDITY.

It is only when the court, viewing an entire statute and finding a part vicious, can see that such part is so integral to the whole legislative purpose that it .must be deemed that the Legislature would not have made the enactment without preserving the vicious part, that the whole enactment can be deemed unconstitutional, and hence if the provision in Public Health Law (Consol. Laws, c. 45) art. 11, § 239, subd. 5, which article provides for the licensing of pharmacists, payment of license fees to the state board, and for the collection of penalties by that board for violation of the statute, that part of the proceeds of penalties shall be given to specified colleges of pharmacy, be violative of the constitutional prohibition against the appropriation of public moneys for a private purpose, the rest of the statute would not fall; the provision being merely incidental or subsidiary, and not an integral part of the statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by the State Board of Pharmacy against Melvin E. Bellinger. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Robert S. Conklin, for appellant.

Jerome Steiner and Joseph H. Kohan, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J.  The appellant is the owner of a pharmacy in the borough of Brooklyn.  He appeals from a judgment recovered against him in the Municipal Court of the City of New York for an alleged violation of the public health law, in that he permitted one who was not a licensed pharmicist to sell medicines in his store.  The drugs or medicines so sold were "tincture of iodine," "camphor liniment," "chloroform liniment," and "spirits of camphor."  On the trial, he offered no evidence in his defense, relying upon certain propositions of law which he then raised and now repeats on this appeal.  There can be no question, on the proof in this case, that the person who sold these medicines was not a licensed pharmacist.  There is evidence of an express admission of that fact by the defendant himself to one of the plaintiff's witnesses, in addition to other proof.

That the statute in question may forbid the sale of these articles by other than licensed pharmacists has but recently been settled conclusively.  State Board of Pharmacy v. Matthews (decided January 25, 1910) 197 N. Y. 353, 90 N. E. 966.  Section 238 of the Public Health Law (Consol. Laws, c. 45) makes the owner of the pharmacy "equally liable as principal" whenever the prohibited sale takes place.  The penalty provided for such a violation is the sum of $25, collectible in an action which may be maintained in the name of the State Board of Pharmacy.  Public Health Law, § 239.

In the case at bar, all the articles in question were sold as a part of one transaction to the same person for the aggregate sum of 55 cents.  The question arises whether the defendant was liable for a separate penalty for each article sold, on the theory that for each article there was a separate and distinct violation of the statute.  The learned trial court awarded judgment for $50, no doubt on the theory that there were at least two violations shown.  The language of the statute creating the penalty provides it "for every such violation"; but we think that one transaction of sale is not to be divided into its separate elements in order to multiply penalties.  There was here but one sale of several articles and properly but one violation of the statute, and therefore but one penalty recoverable.  U. S. Condensed Milk Co. v. Smith, 116 App. Div. 15, 101 N. Y. Supp. 129.

Where the transactions of sale are distinct and separate, the accumulated penalties for each violation are recoverable.  Suffolk County v. Shaw, 21 App. Div. 146, 47 N. Y. Supp. 349 ; State Board of Pharmacy v. Matthews, ut supra.  The judgment appealed from should be modified by striking out the amount of $25, awarded as a separate penalty.  As to the appellant's objection that the action should have been brought in the names of the individuals who compose the State Board of Pharmacy, and not in the name of the board itself, we think that it is without merit.  The statute itself gives the right to maintain the action in the name of the board.  A similar contention has been raised before and decided adversely to the appellant's claim.  Board of Health v. Valentine, 57 Hun, 591, 11 N. Y. Supp. 112.

Again, the claim of the appellant that the plaintiff must prove, every time it brings such an action as this, the title to office of those who are its members, and thus submit that title to collateral attack in every action for a penalty, has neither reason nor authority to sus-

tain it. The statute having created the thing which it calls the State Board of Pharmacy, the courts will, in actions like this, take judicial notice of its existence, apart from the titles to office of its individual members, which may be inquired into under other and appropriate circumstances.

We are brought now to a consideration of certain objections made by the appellant as to the constitutionality of the statute which created the State Board of Pharmacy. The present statute (article 11 of the Public Health Law) is a re-enactment of chapter 667 of the Laws of 1900. It creates a body for a public purpose to be known as the "State Board of Pharmacy," and clothes it with certain powers and duties, all of which are public in character. For the purpose of determining its individual membership, it divides the entire state into three sections, from each of which five members of the state board are to be selected. The members so selected it makes public officers. The supposed conflict between the statute and the Constitution is stated to consist in the fact that the statute prescribes the "election" of the members of the board, from each of three sections, not by the citizens generally in each section, but by a restricted electorate, consisting in some sections of licensed pharmacists who are members of incorporated pharmaceutical associations, and in other sections of licensed pharmacists generally. It is contended that this method of selection is in violation of section 2 of article 10 of the Constitution. Membership in the State Board of Pharmacy is a public office, and the office in question was created by the Legislature after the adoption of the present Constitution. The Constitution prescribes (section 2, art. 10) the methods by which all public offices named in it shall be filled, and provides that:

"All other officers, whose election or appointment is not provided for by this Constitution, and all officers, whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

The election contemplated by the Constitution is an election by "the people"—that is, all the legal electors of the state or locality—and the method of selecting the members of the State Board of Pharmacy, as prescribed by the statute, does not, concededly, answer the requirements of the Constitution as to an election. Yet the statute is not to be construed narrowly simply for the purpose of destroying it. The present constitutional provision is but a redeclaration of a similar provision in the Constitution of 1846, and, as such, must be construed as has been the former provision. The present statute, in prescribing the method of selection, is like the act of 1853, which created the Board of Pilot Commissioners for New York harbor. Chapter 467, Laws 1853. That statute provided for the election of five pilot commissioners, as follows: Three by the members of the Chamber of Commerce of New York City, and two by the presidents and vice presidents of the marine insurance companies of the city of New York represented in the board of underwriters of said city. It forbade the hiring of pilots not licensed by the commissioners and prescribed penalties for the violation of its provisions. It was held

that the act was constitutional because that, while the statute used the word "election," it was not used in the sense of the Constitution, and that the method of selection prescribed amounted, in legal effect, to an appointment according to the direction of the Legislature.    Sturgis v. Spofford, 45 N. Y. 446.    This authority is decisive on the point now raised.    Nor is there, as the appellant contends, anything in Fox v. Mohawk, etc., Humane Society, 165 N. Y. 517, 59 N. E. 353, 51 L. R. A. 681, 80 Am. St. Rep. 767, which is to the contrary.    There the question of constitutionality arose under other and different sections of the Constitution; and the question here at bar was neither raised nor considered, nor, in fact, in any way involved.    In one aspect of the present controversy, this later authority may be deemed in point; but, if so, it is with relation to another ground urged by the appellant, which will be discussed later.

It is likewise urged by the appellant that the statute now under consideration, because it divides the state into sections for the selection of members of the State Board of Pharmacy and the administration of its duties, must be considered a "local act," as distinguished from a "general act," and that, being so considered, it is in violation of section 16 of article 3 of the Constitution, in that it contains more than one subject, which is not indicated in its title.    This objection is wholly destitute of merit, and scarcely needs discussion.    People ex rel. Einsfeld v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344; Matter of Fuller's Estate, 62 App. Div. 428, 71 N. Y. Supp. 40; Matter of Wallace, 71 App. Div. 284, 75 N. Y. Supp. 838.

We come now to a consideration of the last objection to the constitutionality of this statute, urged by the appellant, which is important enough for a brief consideration.    The statute in question prescribes for the licensing of pharmacists and the payment of license fees to the state board, and for the collection of penalties by that board for the violation of its provisions.    In subdivision 5 of section 239, it provides for the disposition of the moneys so received as follows:    To "apply the same to the payment of the lawful expenses of such board and the necessary expenses incurred in carrying out the provisions of this article," and whatever surplus remains in the eastern section, prescribed by statute, to be paid over, three-fifths to the College of Pharmacy of the City of New York, and two-fifths to the Brooklyn College of Pharmacy.    In the other two sections prescribed by the statute, any surplus, after defraying the lawful expenses, is to be paid into the state treasury.    It is urged that the provision for the payment of the surplus in the eastern section to the educational corporations named is a violation of the constitutional prohibition against the appropriation of public moneys for a private purpose, and Fox v. Mohawk, etc., Humane Society, supra, is cited as an authority.    It is not necessary, however, nor would it be proper in this case, to decide whether the provisions of this statute in relation to payments to these two colleges of pharmacy should be upheld or overturned.    Assuming, for the sake of argument, that they cannot be upheld, then the whole statute would not fall, because these provisions are not an integral part of the statute, but are merely incidental or subsidiary, and, being cut off, would still leave the main legislative purpose in un-

diminished force. A statute is not to be held unconstitutional in whole because some of its minor or incidental parts may be unconstitutional. This is a commonplace of constitutional law, so well settled as to need no present citation of authority. It is only when the court, viewing the whole statute and finding a part vicious, can see that such part is so integral to the whole legislative purpose, that it must be deemed that the Legislature would not have made the enactment without preserving the vicious part, that the whole enactment can be deemed unconstitutional. Such was the case in the statute considered in Fox v. Mohawk, etc., Society, ut supra; but such is undeniably not the case here.

The judgment appealed from should be modified by reducing it to the sum of $37, and, as so modified, affirmed, without costs. All concur.