(71 Misc. Rep. 339.)

### PEOPLE v. THOMAS et al.

(Supreme Court, Criminal Trial Term, New York County. March, 1911.)

1. INSURANCE (§ 4*)—OFFENSES BY OFFICERS—PERSONAL INTEREST OF DIRECTORS.

Insurance Law (Consol. Laws 1909, c. 28) § 36, provides that officers and directors of insurance companies, who, in violation of the section, become pecuniarily interested in transactions of the company, shall be guilty of a misdemeanor. Penal Law (Consol. Laws 1909, c. 40) § 297, provides for the punishment of directors of money corporations who, in case of insolvency of the corporation, shall have participated in such fraud. Held, that the sections are independent provisions, not to be construed together, and Penal Law, § 21, providing that a penal statute is to be strictly construed, and that the provisions of the penal law must

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be construed according to their terms, to effect the objects of the law, is not applicable to said section of the insurance law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 4, 14; Dec. Dig. § 4.*]

2. INSURANCE (§ 30*)—OFFENSES BY OFFICERS—DEPOSIT OF MONEYS—"LOAN."

A deposit of moneys belonging to an insurance corporation in a bank, returnable on demand in accordance with certificates of deposit issued at the time, is not a "loan," within Insurance Law (Consol. Laws 1909, c. 28) § 36.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 35; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 5, pp. 4196–4200.]

3. INSURANCE (§ 30*)—OFFENSES BY OFFICERS—DEPOSITS—LOAN.

The mere verbal promise by an insurance company, in depositing money payable on demand under terms of certificates of deposit not shown to be binding upon the bank, that the deposit should remain until a loan to the insurance company had been liquidated, will not make the transaction a loan, within Insurance Law (Consol. Laws 1909, c. 28) § 36.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 35; Dec. Dig. § 30.*]

E. R. Thomas and Orlando F. Thomas were indicted for a violation of the insurance law. On motion to dismiss indictment. Granted.

Charles S. Whitman, Dist. Atty. (Leopold Leo, of counsel), for the People.

Edward Lauterbach, for defendants.

BLANCHARD, J. This is a motion to dismiss certain indictments against the defendants. The indictments, four in number, set forth different sets of transactions, all of which, it is claimed by the people, are violations of section 36 of the insurance law. They set forth that the defendants, as officers, directors, and stockholders of the Provident Life Assurance Association, caused deposits to be made in certain banks, and that prior to and thereafter, upon the strength of these deposits and in consideration therefor, procured loans to be made by which, directly or indirectly, they profited.

Section 36 of the insurance law reads as follows:

"*Officers and directors not to be pecuniarily interested in transactions.* No director or officer of an insurance corporation doing business in this state shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in, any purchase by or sale to such corporation of any property, or any loan from such corporation, nor be pecuniarily interested, either as principal, co-principal, agent or beneficiary, in any such purchase, sale or loan; provided that nothing herein contained shall prevent a life insurance corporation from making a loan upon a policy held therein by the borrower in excess of the net value thereof. Any person violating any provision of this section shall be guilty of a misdemeanor."

The defendants upon these motions contend, among other things, that the evidence adduced before the grand jury fails to disclose that any loans were made by or through their instrumentality, but admit that deposits of money were made in various banks, and claim that the statute of whose violation they stand accused does not prohibit

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the making of such deposits, but speaks solely of loans. It is apparent, therefore, that the court is here called upon to construe the section of the insurance law in question.

[1] It is contended by the people that this section of the insurance law, being a penal statute, must be viewed in the light of section 21 of the penal law, which sets forth the rule to be applied in construing the penal law. The people contend, further, that section 297 of the penal law, which relates to directors of moneyed corporations generally, must be considered as supplemental to section 36 of the insurance law, and for that reason section 21 of the penal law is applicable. Section 21 of the penal law provides:

"The rule that a penal statute is to be strictly construed does not apply to this chapter or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law."

Section 297 of the penal law reads as follows:

"*Misconduct by directors of moneyed corporations.* Every director of a moneyed corporation who: (1) In case of the fraudulent insolvency of such corporation, shall have participated in such fraud; or (2) willfully does any act as such director which is expressly forbidden by law, or willfully omits to perform any duty imposed upon him as such director by law, is guilty of a misdemeanor if no other punishment is prescribed therefor by law."

I am unable to concur in the view of the district attorney that section 36 of the insurance law and the sections of the penal law referred to must be construed together, or are supplemental to each other. Section 36 of the insurance law is in itself a complete and penal statute, since it provides against the doing of certain acts and the punishment for their violation. An examination discloses that the sources from which the insurance law and the penal law are derivative are not the same. Further, section 297 of the penal law, quoted above, expressly declares that it shall only apply in such cases where no other punishment is prescribed by law. Section 36 of the insurance law obviously prescribes such a penalty. Section 21 of the penal law states that it is applicable only to the chapter which comprises the penal law, and I am unable to see how it can affect any other chapter of the general laws of the state than the one is expressly embraces. The sole apparent similarity disclosed between section 297 of the penal law and section 36 of the insurance law is that they may affect the same persons and provide the same penalty for failure to observe them. But that fact, standing alone, does not seem sufficient to bring both of them within the purview of the rule laid down in section 21 of the penal law.

The case of People ex rel. Hegeman v. Corrigan, 195 N. Y. 11, 87 N. E. 792, cited by the people in support of their view of the rules governing the construction of a penal statute, refers to the construction of a section of the Penal Code. An examination of the Penal Code at the time of the decision in the foregoing case discloses that section 21 of the penal law, as it now stands, is a substantial re-enactment of section 11 of the Penal Code as then constituted, and the rule laid down in the case cited is accordingly not applicable

here. I am therefore of opinion that section 36 of the insurance law must be construed in the light of those principles which are customarily applicable to penal statutes.

It is further apparent that the defendants were indicted, not for a violation of section 297 of the penal law, but for a violation of section 36 of the insurance law, and the rule is well settled beyond cavil that a defendant should be made aware of the definite charge which he is to face; and it seems hardly fair that at this time these defendants should be called upon to defend themselves from any other charge upon those indictments than for a violation of the provisions of the law which the indictments set forth they have been guilty of.

[2] Although the courts thus far apparently have not been called upon to construe the meaning of the term "loan" in section 36 of the insurance law, yet the authorities are replete with instances where the distinction between a loan and a deposit has been drawn. To attempt to collate all the cases which may be cited wherein such distinctions have been drawn does not seem necessary, but that such a distinction does exist and has existed for a long time there seems to be no doubt. Payne v. Gardiner, 29 N. Y. 146. One of the earliest of these was that a deposit in property or in money was regarded as an accommodation for the person who made the deposit, while in the case of a loan the usufruct of the thing whose physical possession has passed from one to another has been for the benefit of the one to whom it passed. Story, Bailm. (9th Ed.) 6.

While it is true that, in the exigencies of modern business, a deposit of money may bring both a return to the depositor as well as to the person with whom it is deposited, and forms of contracts of deposits have been made which make it difficult to distinguish them from a loan, the courts have in many instances recognized a distinction in the rules applicable to a bailment of the character of a deposit and a bailment of the character of a loan.

In Payne v. Gardiner, 29 N. Y. 146, a leading case in this state on the respective characteristics of a loan and a deposit, there is discussed the character of a transaction where a sum of money had been transferred to others upon an agreement to pay 6 per cent. interest and no time for repayment being specified. This transaction was held to be a deposit, in that it differed from the form of loan most closely resembling a deposit—a demand loan—in that a demand was necessary prior to beginning an action for its return. In the case of a demand loan, under well-settled principles, a demand prior to the right to sue is unnecessary. The facts in this case seem particularly applicable to the facts under discussion here. In many other cases the courts have recognized the distinction between deposits and loans. Officer v. Officer, 120 Iowa, 389, 94 N. W. 947, 98 Am. St. Rep. 365; Dorman v. Gannon, 4 App. Div. 458, 38 N. Y. Supp. 659; Boughton v. Fink, 74 N. Y. 482; Allibone v. Ames, 9 S. D. 74, 68 N. W. 165, 33 L. R. A. 585; Hunt v. Hopely, 120 Iowa, 695, 95 N. W. 205.

While these cases do not involve similar sets of transactions and circumstances to those here under discussion, they nevertheless do indicate a legal distinction between the two classes of contracts, and

in so far as they do so should be considered by the court in arriving at its determination of the meaning of the statute in question.

In the evidence in the case at bar the people attempt to show the character of the bailment under which the possession of money was transferred from the custody of the Provident Life Assurance Association to various banks by introducing evidence which attempts to prove that, both prior to and thereafter, loans by these banks were made, either directly or indirectly, to the defendants for their benefit.

It cannot be denied that the Provident Life Assurance Association had the legal right to place its surplus moneys on deposit in the custody of various banks; and in so far as the terms under which the banks held such moneys compelled them to deal with the Provident Life Assurance Association in the capacity of a depositor, and the money was payable immediately upon demand, a perfectly legal relationship existed between them. I am unable to see how the defendants could have been guilty of malfeasance of their duties, unless the terms of the contract by which they deposited the moneys of the association, whose care was intrusted to them, was such as to prevent an immediate withdrawal of the sums so transferred. It is apparent from the evidence that the basis of all the transactions between the Provident Association, and the banks was certificates of deposit, or, as in one case mentioned, a "plain deposit"; and it follows that the money was returnable immediately upon demand. The fact that loans were obtained, either prior or subsequent to these deposits, from these banks, did not affect the liability of the banks toward the assurance association, but solely constituted a relationship between the defendants and the banks themselves; and I do not think, in view of my opinion as to the rules of construction of the statute which must prevail, that the liability of the defendants can attach, unless the terms under which the money was returnable indicate them to have had the legal characteristics necessary to definitely establish them as loans.

[3] In one respect, alone, the evidence attempts to show that the deposit made was in such form that the right of immediate withdrawal was abridged. The evidence in support of indictment No. 64,969 indicates that, subsequently to an investigation by the State Insurance Department, the treasurer of the Italian-American Trust Company, in which a deposit had been made, when in receipt of a check withdrawing the same and which, under orders from the Insurance Department, was to be placed on deposit in the Chemical National Bank, stated over the telephone that—

"there was a string to the deposit; that the money was to remain until a loan had been liquidated."

Further evidence relative to this transaction indicates that, if any such provision was made, it was solely a verbal promise; and as nothing is disclosed to the effect that it was binding upon the Provident Association, and the subsequent fact appears that the check was in fact paid on demand, irrespective of the liquidation of the loan, it is not apparent that the Italian-American Trust Company had any legal right to the retention of the money which it either did or could enforce. It is not the province of a court, in the construction of penal

statutes, to torture them into covering every mooted set of facts which may contravene them, but where ambiguity exists to favor a construction favorable to those upon whom they may operate.

I think it unnecessary, in view of the foregoing, to advert to the other grounds of objection raised by the defendants to the sufficiency of the indictments and the competency and character of the testimony upon which they were obtained. The indictments are accordingly dismissed, and bail discharged.

Motion granted.