PEOPLE v. ABRAMSON et al.

(Supreme Court, Appellate Division, Third Department.  November 15, 1911.)

1. FOOD (§ 14*)—VIOLATION OF STATUTES—ADULTERATED MILK—ILLEGAL SALE.

Under Agricultural Law (Consol. Laws 1909, c. 1) § 32, providing that any person delivering milk to any railway station to be shipped to any city shall be deemed to expose the same for sale, whether delivered or consigned to himself or another, a delivery of adulterated milk on board cars of a railway company in this state, consigned and marked to a purchaser in the state who was to pay the freight, and stand the risk of loss, is an illegal sale.

[Ed. Note.—For other cases, see Food, Cent. Dig. §§ 10–13; Dec. Dig. § 14.*]

2. FOOD (§ 16*)—PENALTIES AND ACTIONS THEREFOR—CUMULATIVE PENALTIES.

Under Agricultural Law (Consol. Laws 1909, c. 1) § 32, providing that the sale of each one of several packages shall constitute a separate violation, and imposes a penalty for each violation of the act, the sale of each can of a shipment of adulterated milk is a violation of the statute for which a penalty is recoverable, since a cumulative recovery will be allowed where the legislative intent in that respect appears in the language of the statute.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 16; Dec. Dig. § 16.*]

Appeal from Trial Term, Delaware County.

Action by the People of the State of New York against Nathan Abramson and another for the recovery of penalties.  From a judgment for the People, defendants appeal.  Affirmed.

See, also, 137 App. Div. 549, 122 N. Y. Supp. 115.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

C. L. Andrus, for appellants.

C. R. O'Connor, for respondent.

SEWELL, J.  This action was brought to recover a judgment for penalties for selling adulterated milk, contrary to the provisions of section 32 of the agricultural law.

The defendants operated a creamery at Dunraven, in the town of Middletown, Delaware county, and during the month of October, 1908, sold to G. Kotcher and J. Breadstone, wholesale milkdealers doing business in the city of Brooklyn and New York City, 336 cans of milk, of 40 quarts each.  The milk was adulterated by the defendants before it was shipped by taking from each can 3½ quarts of cream.

[1] The defendants claimed, and gave evidence tending to show, that it was understood and agreed that the milk should be sold only in the state of New Jersey, and that the milk was up to the standard in that state, but it is undisputed that the contract was made in New York, that the milk was to be shipped on board the cars of the Delaware & Eastern Railway Company at Dunraven, and that the purchasers were to pay the freight.  It was also undisputed that each can was properly marked with the name of the purchaser, that they were transported to Weehawken, and, when they arrived there, they were taken by the purchasers to the city of New York or Brooklyn, where they

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were sold or otherwise disposed of. It is clear, I think, that the defendants delivered the milk to the carrier with the intention to vest the title in the purchasers, and that their title was then complete; that the purchaser could thereafter transport it to any point in or without the state; that it was at their risk, and they were liable to pay for it, although it should be lost. It is also to be observed that the statute in question expressly provides that:

"Any person delivering milk to any butter or cheese factory, condensary, milk gathering station or railway station to be shipped to any city, town or village shall be deemed to expose or offer the same for sale whether the said milk is delivered or consigned to himself or another."

This being so, the question whether it would be a violation of the provisions of the agricultural law for the resident of this state to agree with a resident of a foreign state to deliver and sell him in such foreign states adulterated or unwholesome milk is not in the case.

[2] The only other question presented is whether the trial court correctly held that the sale of each can was a violation of the statute for which a penalty could be recovered.

The statute in question provides that "the sale of each one of several packages shall constitute a separate violation," and imposes a penalty for each violation of the law. From this language, I think, it is evident that the Legislature intended that there should be cumulative recoveries. I do not see how it could make that meaning plainer. This conclusion is not in conflict with the previous decision of this court in United States Con. Milk Co. v. Smith, 116 App. Div. 15, 101 N. Y. Supp. 129. The recovery in that case was under a statute providing a penalty for buying or selling or having in possession marked milk cans belonging to another, and allowing a recovery of a penalty "for every such violation." Laws 1896, c. 376, § 29, amended by Laws 1902, c. 482. It was there held that the language of the statute limited the recovery in any action to each violation, and that the possession of one can or more than one can was a single violation of the statute. It is well settled that a cumulative recovery will be allowed where the legislative intent in that respect appears in the language of the statute. Suydam v. Smith, 52 N. Y. 383; Grover v. Morris, 73 N. Y. 473; Griffin v. Interurban St. R. Co., 179 N. Y. 438, 72 N. E. 513; Herbert v. Musical Courier Co., 180 N. Y. 538, 72 N. E. 1142; People v. Spencer, 201 N. Y. 105, 94 N. E. 614.

It follows that the judgment and order appealed from should be affirmed, with costs. All concur.