In the Matter of CONSOLIDATED MUTUAL INSURANCE COMPANY, Petitioner, v LAWRENCE W. KEEPNEWS, as Superintendent of Insurance of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated March 4, 1975 and made after a hearing, which (1) penalized petitioner $2,000 for violating section 78 (subd 4) of the Insurance Law and (2) ordered petitioner to take appropriate action to recover moneys improperly paid to one of its directors. Determination modified, on the law, by reducing the penalty to the sum of $500. As so modified, determination confirmed, with costs to respondent. No findings of fact were reviewed on this proceeding. Petitioner entered into an agreement to pay one of its directors $5,000 a year, for 10 years, for arranging a lease for part of petitioner's home office building. Petitioner has paid the director $20,000. Such payment was in violation of section 78 (subd 4) of the Insurance Law which provides that a director of an insurer may not receive "any money * * * for * * * aiding in any purchase or sale of property". The director herein aided in the purchase of a leasehold, which is property. Petitioner must therefore make every effort to have the $20,000 returned. While the agreement to pay was willful, it was a single act and not a series of wrongs committed each time that a payment was made. The $2,000 penalty, therefore, cannot stand (see Insurance Law, § 5, subd 2; cf. *United States Condensed Milk Co. v Smith,* 116 App Div 15, affd 191 NY 536; *Cox v Paul,* 175 NY 328; *State Bd. of Pharmacy v Bellinger,* 138 App Div 12). Gulotta, P. J., Hopkins and Latham, JJ., concur; Shapiro, J., dissents and votes to annul the determination, with the following memorandum: In interpreting section 78 (subd 4) of the Insurance Law so as to include a lease, the court is, in effect, amending the statute to achieve what it apparently considers to be a desirable result. Our task, however, should be to interpret the law as the Legislature enacted it and not, by judicial construction, incorporate into it prohibitions and penalties which the Legislature might have, but did not, adopt. We are here dealing with a penal statute (see *People v Thomas,* 71 Misc 339; McKinney's Cons Laws of NY, Book 1, Statutes, § 273) which, under well-settled principles, may not be extended by implication. As the court said in *New York State Thruway Auth. v Maislin Bros. Transp.* (35 AD2d 301, 303): "It is familiar law that a statute imposing a penalty or forfeiture shall be strictly construed and is not to be extended by implication or construed to cover cases not clearly within its terms (44 N. Y. Jur., Penalties and Forfeitures, § 8). It follows that the statutory provisions here under consideration may not be liberally construed and extended beyond the explicit authorization so as to vest in plaintiff the right to recover the penalty (cf. *Matter of New Jersey Fid. & Plate Glass Ins. Co. v. Van Schaick,* 236 App. Div. 223, affd. 261 N. Y. 521)." Even if we were dealing with a statute which required that it be liberally construed, "that does not mean that it should be implemented by decisional law so as to establish a cause of action and a right of recovery not contemplated by the Legislature" (see *Deso v Albany Ladder Co.,* 26 AD2d 182, 185). The statute which petitioner is found to have violated, section 78

(subd 4) of the Insurance Law, in pertinent part forbids payment to a director of an insurer for "negotiating, procuring * * * or aiding in any purchase or sale of property". The word "lease" is not included in the statute and we should not, by inference, read it into this penal statute. The majority states that "the director herein aided in the purchase of a leasehold, which is property", but that is deciding the case on a false premise, for, while a lease is property, the question here is whether a "lease" of property is tantamount to its "purchase or sale" under the statute. I believe it is not, for "a sale of property is fundamentally different from a lease since the former transfers ownership, which includes both title and right to possession, while the latter grants only the use and enjoyment of the thing leased." (51C CJS, Landlord & Tenant, § 202[8], pp 527–528.) When the Legislature meant to include a lease within the sweep of other provisions of the Insurance Law, it said so in unmistakable terms. Thus, in section 84 thereof it is provided that "in connection with any such project [any domestic life insurance company] may acquire land or any interest therein *by purchase, lease or otherwise,* or use land acquired pursuant to any other provision of this chapter, and may provide accommodations for retail stores, shops, offices and other community services reasonably incident thereto" (emphasis supplied). I therefore conclude that section 78 (subd 4) of the Insurance Law does not apply to the negotiation of a lease by a director of an insurer and that he may be paid commissions for such negotiations. While confirming that part of the determination of the Superintendent of Insurance which directs the recovery of the $20,000 paid by petitioner to its director, the majority is modifying the penalty imposed by respondent of $500 for each payment made to the director (for a total of $2,000), by reducing the penalty to $500 on the theory that the violation by petitioner stemmed from the agreement between it and its director, which the majority holds to be improper and unlawful. On this phase of the dispute I agree with the Superintendent of Insurance that, if the violation were established, he was correct in imposing a fine for each separate payment. The agreement between petitioner and its director, if it were not carried into effect, would have been meaningless. It is the payment under the agreement which constitutes a violation and, since there were four separate and distinct payments, I submit that a fine can be levied for each separate payment. The cases of *United States Condensed Milk Co. v Smith* (116 App Div 15, affd 191 NY 536), *Cox v Paul* (175 NY 328) and *State Bd. of Pharmacy v Bellinger* (138 App Div 12), which discuss the rule against cumulative penalties, unless the statute prescribes otherwise, are clearly distinguishable on the facts, for, in each one of them, the violation, in effect, dealt with one transaction. Under the circumstances, I vote to grant petitioner the relief requested.