WILLIAM GRIFFIN, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

FRANK S. SCUDDER, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

(Submitted January 9, 1905; decided January 24, 1905.)

MOTION for reargument. (See 179 N. Y. 438.)

*Harcourt Bull* for motion.

*Henry A. Robinson* opposed.

*Per Curiam.* The principal question presented by this case was the duty of the appellant to give transfers over one of its street railway lines in the city of New York to its other intersecting lines. The judgment of the Municipal Court awarded the respondent judgment for four penalties for failing to give such transfers. We affirmed the right of the plaintiff to recover but limited his recovery to a single penalty. The respondent now moves for a reargument and insists that by the reduction of the judgment he has been deprived of

his property without due process of law. This claim is made on the theory that when the judgment was recovered the respondent was entitled to recover cumulative penalties and that we have deprived him of his recovery by an arbitrary declaration that a recovery of cumulative penalties is against public policy. This singular contention is based on isolated sentences taken from the opinion of the learned judge who wrote in the case which, even standing by themselves and dissevered from the context, warrant no such construction. As appears by the opinion the learned judge thought the case before us could not be distinguished from certain previous decisions of the court where cumulative penalties were allowed. But the majority of the court were of contrary view and he yielded to their judgment. We thought and still think that the statute should not be so construed as to give cumulative penalties in actions of the character of the one before us unless the legislative intent is expressed so clearly as to leave no room for misunderstanding. We also think this rule of construction is in harmony with the previous decisions of the court in *Sturgis* v. *Spofford* (45 N. Y. 446) and *Fisher* v. *N. Y. C. & H. R. R. R. Co.* (46 N. Y. 644). In the earlier of those cases Chief Judge CHURCH said : " Prosecutions for aggregated penalties should not be encouraged. * * * It is a wholesome rule not to allow a recovery for aggregated penalties unless the language of the statute clearly requires it. Under this rule the party prosecuted will have an opportunity to desist from doing the act complained of, and if he does not he will knowingly incur all the hazards of repeated prosecutions." In *Suydam* v. *Smith* (52 N. Y. 383), where the recovery of cumulative penalties was upheld, the statutory words imposing the penalty were " for each offence." We think that " every " is not always necessarily the synonym of " each." In *Grover* v. *Morris* (73 N. Y. 473) the recovery was under an act which authorized a purchaser to recover double the amount paid by him in the purchase of any lottery tickets. It was held that he was entitled to recover the total amount paid whether the purchase was made on one occasion or on several. This was a necessary construction of the statute and the case was not strictly one of cumulative penalties,

In the most recent decisions of this court, *Jones* v. *Rochester Gas & Electric Company* (168 N. Y. 65) and *Cox* v. *Paul* (175 N. Y. 328), we have reiterated the doctrine of the *Sturgis* case. The majority of the court, therefore, believe that the judgment rendered by it in this case was in harmony with the previous decisions of the court.

The motion for reargument should be denied, with ten dollars costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; BARTLETT, J., dissents; GRAY, J., not sitting.

Motion denied.