PEOPLE v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. March 21, 1912.)

1. RAILROADS (§ 254*)—PROTECTION AGAINST FIRES—PENALTIES.
    Under the direct provisions of Forest, Fish, and Game Law (Consol. Laws 1909, c. 19) § 72, as amended by Laws 1910, c. 476, a railroad company failing to remove grass, brush, and other inflammable material from the parts of its road passing through forest lands or lands subject to fire is liable for the penalty imposed for each day that such violation continues.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

2. RAILROADS (§ 254*)—PROTECTION AGAINST FIRES—PENALTIES—EVIDENCE.
    In an action for a penalty under Forest, Fish, and Game Law (Consol. Laws 1909, c. 19) § 72, as amended by Laws 1910, c. 476, requiring railroad companies on parts of their road passing through forest lands or lands subject to fires to remove each year all grass, brush, and other inflammable materials, and imposing a penalty of $100 for each day that the violation continues, the recovery of a penalty greater than $100 for all violations in one calendar year cannot be sustained, in the absence of any evidence to show at what time in the year the inflammable ma-

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terial mentioned should be removed in order to carry out the intention and purpose of the Legislature.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

Hirschberg, J., dissenting.

Appeal from Trial Term, Suffolk County.

Action for a penalty by the People against the Long Island Railroad Company. From a judgment for the People, as amended by an order subsequently made, and from an order denying a new trial, defendant appeals. Reversed, unless plaintiff stipulates to reduce judgment.

See, also, 126 App. Div. 477, 110 N. Y. Supp. 512; 136 App. Div. 889, 119 N. Y. Supp. 1133; 136 App. Div. 892, 119 N. Y. Supp. 1139; 194 N. Y. 130, 87 N. E. 79.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Joseph F. Keany, Timothy M. Griffing, and James W. Treadwell, for appellant.

Charles M. Stafford, for the People.

THOMAS, J. The appeal involves a recovery of penalties in the sum of $32,000 for violations of the Forest, Fish, and Game Law (Laws 1900, c. 20, as amended by Laws of 1904, c. 590, § 5 [now section 72 of the Laws of 1909, c. 24 (Consol. Laws 1909, c. 19), as amended by Laws of 1910, c. 476]), whereof section 228 provides:

"Every railroad company shall on such part of its road as passes through forest lands or lands subject to fires from any cause, cut and remove from its right of way along such lands at least twice a year, all grass, brush and other inflammable materials.   *   *   *   Any railroad company failing or neglecting to comply with any of the provisions of this section,   *   *   *   shall be liable to a penalty of one hundred dollars for each day that it continues a violation thereof."

The complaint alleges: That defendant's railroad "at all the times hereinafter mentioned passed through forest lands and lands subject to fires between the stations known as Syossett and Wading River. * * * That during each of the years 1904, 1905, 1906, and 1907 there grew and was upon said right of way of defendant, along said forest lands and lands subject to fires, grass, brush, and other inflammable materials, together with accumulations thereof grown and accumulated in preceding years," which the "defendant failed and neglected during each of said years and down to the commencement of this action in 1907, to cut and remove or in any way remove from its said right of way along said forest lands and lands subject to fires," and that, by reason of such violations, the defendant became and is liable to a penalty of $100 for each day for two years immediately preceding the commencement of this action, amounting to $154,000. The verdict was for $100 for each day from July 30, 1905, until the end of that year, and $100 a day from July 16, 1906, until the end of that year, the plaintiff waiving recovery for later penalties and precluded by the statute of limitations from recovering earlier penalties. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence is not returned, but there is a statement that there was evidence to the effect that:

"At all the times mentioned in the complaint herein, grass, brush, weeds, dead and dry brush, grass, weeds, leaves and other inflammable material grew and were and remained upon the right of way of defendant described in said complaint and that at no time from January 1, 1904, to July 29, 1907, both inclusive, was the said grass, brush or other inflammable material either cut or removed from said right of way, but that the same were suffered to accumulate and be and continue·upon said right of way during all that period; * * * that, at all the times hereinbefore stated, said part of defendant's railroad and right of way ran entirely through forest lands and lands subject to fires from any cause. * * * Defendant, on its behalf, introduced evidence tending to controvert the evidence thus adduced by plaintiffs; but for the purposes of this appeal only the defendant waives any point as to the weight of evidence."

So it appears that if the statute is applicable, and so it has been decided herein (194 N. Y. 130, 87 N. E. 79) and is valid, as we conclude that it is, the plaintiff made proof that from January 1, 1904, to the commencement of this action on July 29th, 1907, the defendant had violated the act. The court, among other things, submitted in its general charge the question of the neglect or failure to cut and remove the material, and also submitted certain special questions relating to the period of the year when the two cuttings were required by the statute in 1905 and 1906, and whether there was such cutting, and the verdict is based on such general and special findings. The jury found that in 1905 and 1906 the statute required cutting from the 1st to the 15th of July, and again from the 1st to the 15th of October, the court charging that the time of the first cutting could not be found to be prior to July 1st.

[1] The appellant urges that the penalty is by the statute limited to $100, but this does not accord with the ruling in Jones v. Rochester Gas & Electric Co., 168 N. Y. 65, 60 N. E. 1044; Jones v. Rochester Gas & Electric Co., 7 App. Div. 474, 39 N. Y. Supp. 1110, affirmed on opinion below in 158 N. Y. 678, 52 N. E. 1124, while Griffin v. Interurban Street Railway Co.,.179 N. Y. 438, 72 N. E. 513, Id., 180 N. Y. 538, 72 N. E. 1142, does not impair their force or applicability. The statute states plainly that the offender "shall be liable to a penalty of one hundred dollars for each day that it continues a violation thereof."

[2] But the first serious question is whether the statute is so uncertain in its provisions as to preclude the cumulative penalties, and, if so, whether its failure to fix definite periods for its observance may be supplied by the findings of a jury. The statute requires that the material be cut twice each year. The jury has interpolated in the statute a mandate that the defendant should have cut first within two dates fifteen days apart, and again between October 1st and 15th, and these dates must be read into the statute, and for the purposes of this action made a part thereof. I will not discuss the variability of a statute that is in this way dependent upon the consideration of changing juries acting upon differing states of fact. It intimates shifting statutory requirements permissive of grave injustice. It may be that the facts proven would be such as to show a noncompliance utterly irreconcilable with the purpose of the statute. But the statement of the evidence

used on the trial of this action discloses the absence of essential facts. There is proof of the forbidden material, and failure to cut and remove it. But there is no evidence that the time to cut and remove it was limited in the first cutting to July 15th and in the second cutting to October 15th. Why not July 16th, or 17th, or 18th, or some later date, or October 16th, 17th, or 18th, or some later date? It is true that there was evidence that such kind of material had been there uncut, unremoved, and accumulating since 1904, but the recovery was not predicated on such earlier and continued neglect, but rather on a failure to act within two periods of some 15 days each. It is assumed that the parties intended to make concessions broad enough to inform this court of the compass of the evidence, of what had been proven, and yet no facts relating to vegetable growth and the removal thereof for the purpose of guarding against dissemination, increase, and decay, and ultimate danger of fire therefrom, are shown to have been presented to the minds of the jurors. Thus the jurors were left, so far as appears, to consider the defendant's statutory obligation from such personal knowledge as they had, and the statute amplified accordingly. It would be hazardous enough to leave the uncertainties of the statute to such varying definitions as jurors might furnish, but the peril to justice from such practice is increased when it appears that the jurors were enforced to rely upon their experience and information, if, indeed, they were at all informed on the subject. If proof amendatory of the statute may be tolerated, and that is not at present decided, it must be so strong and clear as to reveal definitely the unexpressed intention of the Legislature. The evidence shows that the defendant did not cut at all. It should have cut twice. The maximum penalties would be $200, and the judgment and order should be reversed and a new trial granted, costs to abide the event, unless the plaintiff within 20 days stipulate to reduce the recovery to $200, in which case the judgment as modified and order should be affirmed, without costs.

CARR, J., concurs.    HIRSCHBERG, J., votes to affirm.

BURR, J. I agree with my Brother THOMAS that the judgment in favor of plaintiffs cannot be sustained. While I concur in his opinion as to the sufficiency of the evidence in this case, I consider that the provisions of the statute forming the basis of defendant's liability are so vague and indefinite as to preclude under any circumstances enforcing such liability to a greater amount than the sum of $100 for each calendar year. A penal statute is to be strictly construed. In my opinion this is a penal statute. The line of distinction between statutes which are to be strictly construed because penal, and those which are to be liberally construed because remedial, is not always easy of determination and definition. The Legislature has not, by express words contained in this statute, attempted to define the character thereof. It has been said that:

"The legal distinction between remedial and penal statutes is this: That the former give relief to the parties grieved, the latter impose penalties upon offenses committed." Endlich on The Interpretation of Statutes, § 333.

"Penal statutes are those by which punishments are imposed for transgressions of the law." Sutherland on Statutory Construction, § 208.

"The true test in determining whether a statute is penal is whether the penalty is imposed for the punishment of a wrong to the public, or for the redress of an injury to the individual." 36 Cyc. 1182; Bay City & E. Sag. R. R. Co. v. Austin, 21 Mich. 390, on page 411.

Thus tested, it seems clear that the portion of the statute here under consideration is penal in its character. It is true that it has been held that the provisions of the statute here considered are not limited to cases where a railroad is constructed through the forest preserve, or lands owned by the state. People v. Long Island R. R. Co., 194 N. Y. 130, 87 N. E. 79. The effect of the statute may be indirectly to benefit any owner of forest lands through which a railroad is constructed, for the reason that compliance therewith may lessen the danger of destructive fires. But its purpose is not to afford him any redress, nor does the enforcement of it necessarily accomplish this result. It may be, if the penalty is not too severe, that a railroad company will prefer to pay the penalty for a violation of its provisions rather than incur the expense of a compliance therewith. In that event, the individual would not even receive a benefit by way of prevention of injury, still less statutory redress for injury if a fire did occur. Again, the penalty is precisely the same whether or not actual injury to the individual has followed a disobedience of the mandates of the statute, and, even if the statute might be competent, evidence of negligence in an action to recover for injuries suffered by a violation thereof, so far as the penalties provided therein are concerned, it would still be penal in character. Bay City & E. Sag. R. R. Co. v. Austin, supra. The rule that a penal statute must be strictly construed, and, when its provisions are within the discretion of the lawgiver, it will not be presumed that he intended that it should extend further than the actual expressions contained therein, applies equally to those portions thereof which define the wrong and to those portions thereof which prescribe the extent of the punishment therefor.

The duty imposed by this statute upon defendant is to cut and remove, twice in each calendar year, all grass, brush, and other inflammable materials from its right of way. The Legislature having failed to specify at what period in the year the cutting should be done, it may be that to comply with the obligations thereof it would be sufficient if defendant cut twice during any portion of the year. If that is so, a second cutting made upon the last day of the year would be sufficient to absolve defendant from any penalty for the violation of its provisions. As the language specifying the amount of the penalty is to the effect that any railroad company failing or neglecting to comply with the provisions thereof "shall be liable to a penalty of one hundred dollars for each day that it continues a violation thereof," it follows that the amount of the penalty is measured by the days that elapse during which the default continues. As there can be no completed default until the last day of the calendar year, it follows that there can be no continued default before that time, and, at the most, there can be but a single day during which such default can be said to continue.

This construction of the statute is in harmony with the principle

contained in the later decisions of the Court of Appeals with reference to cumulative penalties. Griffin v. Interurban St. Ry. Co., 179 N. Y. 438, 72 N. E. 513; Cox v. Paul, 175 N. Y. 328, 67 N. E. 586; United States Condensed Milk Co. v. Smith, 116 App. Div. 15, 101 N. Y. Supp. 129, affirmed 191 N. Y. 536, 84 N. E. 1122; People v. Spencer, 201 N. Y. 105, 94 N. E. 614. It may be urged that these cases are not strictly applicable for the reason that this statute does not attempt to provide for cumulative penalties, but for a single penalty the amount of which is determined by the number of days contained within each year beyond a specified date. The principle, however, is analogous, and the difficulty with this statute is that it contains no specified date. The Legislature has failed to designate any particular time for the performance of the duty the omission to perform which marks the beginning of the period of default, and there is no clear and definite provision fixing the amount of such penalty, or enabling any other person so to do, or enabling a railroad company to determine when it becomes liable for a violation thereof. The general provisions of the act would seem to indicate an intent to fix a single specified penalty. By section 186 it is provided that in case of recovery of any amount in an action for a penalty under said act the people should recover full costs. For the disposition of the moneys recovered in said action, it is provided that moneys recovered in an action for a penalty shall be paid to the commission (section 187). In the section referring to the beginning of such actions for a violation of the fish and game provisions thereof by private persons, it is provided that such person, "except the owner or lessee of the premises upon which a penalty is incurred," may, on certain conditions, recover "any penalty imposed by this act." Section 188. The language of the very section under consideration with reference to the liability of an officer or employé of a railroad company is to the effect that any such person violating any provisions of said section (section 228) shall be liable to a penalty of $100 for every such violation. This must be construed as limiting such liability to a single penalty. Griffin v. Interurban St. Ry. Co., supra; Id., 180 N. Y. 538, 72 N. E. 1142; Cox v. Paul, supra. In the Griffin Case, 180 N. Y. 538, 72 N. E. 1142, it was held that the word "every" is not necessarily the synonym of "each." The trial court treated the statute as imposing a yearly obligation, and instructed the jury that it could find no verdict against defendant for a penalty for an offense committed in 1905 beyond the 31st day of December in that year, and prescribed a similar rule for the year 1906. This must be accepted, therefore, as the law of this case, so far as the amount of the recovery is concerned.

I recommend that the judgment and order denying the motion for a new trial be reversed and a new trial granted, costs to abide the event, unless plaintiff stipulate to reduce the amount of the recovery to the sum of $200, in which event said judgment and order are affirmed, without costs.

JENKS, P. J., concurs.