## STATE v. NEVADA NORTHERN RAILWAY COMPANY

No. 2676

March 5, 1925.　　　　　　　　　233 Pac. 531.

1. RAILROADS—RAILROAD OPERATING PASSENGER TRAIN DAILY "EACH WAY" SUBJECT TO PENALTY FOR OPERATING FREIGHT TRAIN ONE WAY WITHOUT FULL CREW ; "EVERY WAY" ; "EVERY" ; "EACH."
    Under full crew law (Stats. 1913, c. 74), sec. 3, railroad operating one passenger train daily each way over line more than 95 miles long is subject to $500 penalty for operating freight train one way with crew of less than six men; "each way" in section 5, as amended by Stats. 1915, c. 86, sec. 1, excepting railroads on which but one train a day is operated "each way," not necessarily meaning "every way," as word "every" is not always synonymous with "each."

2. RAILROADS—FULL CREW LAW CANNOT BE INTERPRETED TO DEFEAT PURPOSE.
    While full crew law (Stats. 1913, c. 74) is penal in nature and strictly construed, supreme court cannot so interpret it as to defeat legislature's obvious purpose.

See (1) 19 C. J. p. 850, n. 22 ; p. 852, n. 52 (new) ; 33 Cyc. p. 664, n. 63 (new) ; (2) 36 Cyc. p. 1181, n. 38 ; p. 1183, n. 46 ; p. 1185, n. 47.

APPEAL from the Fourth Judicial District Court, Elko County; *J. M. McNamara,* Judge.

Proceeding by the State of Nevada against the Nevada Northern Railway Company, for violation of Full Crew Law. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*Chandler & Quayle,* for Appellant:

The only train operated both ways was passenger train. A freight train was run one way only. Admittedly freight train was insufficiently manned unless by Stats. 1913, sec. 5, c. 74, 3 Rev. Laws, 2976, provisions of full crew law are inapplicable. Section 5 provides that act shall not apply to any railroad on which but one train a day is operated *each* way.

"Every" is synonym of "each." On railroad every way means both ways. Concededly there were not two trains run each, every, or both ways, since freight train ran one way only.

Statute is penal. Any doubt about meaning, under ancient principle of strict construction, should be construed in favor of defendant. 25 R. C. L. 1083.

Acts in themselves innocent and lawful cannot be held criminal unless there is clear expression of legislative intent to make them such. Idem.

If legislature, by use of inapt words has left marginal veil of doubt, imposition of penalty is not justified. It would be dangerous to punish crime not enumerated solely because it is of equal atrocity or similar to those enumerated. U. S. v. Wiltberger, 5 Wheat. 76, 5 L. Ed. 37.

Ambiguous law will not be resolved so as to embrace offense not clearly against law. Krichman v. U. S., 256 U. S. 363.

Penal law should be plainly written so that any one may know what acts or omissions constitute crime. 14 Nev. 311; Ex Parte Rickey, 31 Nev. 62; Ex Parte Todd, 46 Nev. 214.

*W. T. Mathews,* District Attorney, for State:

What is meaning of words, "any line of railroad on which but one train a day is operated *each* way?" Webster says "every" differs from "each" in giving less prominence to selection of individual. "Each" relates to two or more individuals of a class. It refers definitely to every one of them, denoting they are considered separately, one by one, all being included. "Every" relates to more than two and brings into greater prominence notion that not one of all considered is excepted. "Each" means every one of two or more individuals composing a number of objects, considered separately from the rest.

As passenger train was operated each way, this satisfied proviso, and *any* additional train at all would be more than one train "each" way, and if such additional train was manned with less than required crew there would be violation of law.

Language of statute is clear. Citation of authorities is unnecessary.

## OPINION

By the Court, SANDERS, J.:

Complaint was filed in the court below, charging that on the 30th day of October, 1923, the Nevada Northern Railway Company operated one of its freight trains over its line of railroad extending a distance of more than 95 miles from Cobre, Nevada, to Ely, Nevada, with a crew of but five persons, in violation of section 3 of an act known as the "Full Crew Law," Statutes 1913, c. 74, p. 62. The defendant, for answer to the complaint, admitted that the freight train, referred to and operated on the day named in the complaint, was not manned as required by section 3 of the act, but set up facts to show that the act was inapplicable to the freight train in question. The plaintiff interposed a demurrer to the answer, which was sustained. The defendant elected to stand upon its answer and allowed judgment to go against it for the penal sum of $500, the penalty prescribed by the act for the violation of any of its provisions. The defendant brings this appeal to have the judgment reviewed.

The facts agreed upon are those stated in the complaint and answer, which, in brief, are as follows:

On the 30th day of October, 1923, the appellant operated over its line of railroad passenger train No. 3 from Ely to Cobre in the forenoon of that day, and in the afternoon of that day operated from Cobre to Ely passenger train No. 4, and on the same day operated from Cobre to Ely a freight train which consisted of 76 freight cars manned with a crew of five persons, when the statute makes it unlawful to operate such a freight train when manned with a crew of less than six persons. The act provides that one who violates any of its provisions shall be liable for a penalty of $500 for each offense.

It is admitted on the part of appellant that the freight train in question was insufficiently manned, unless, by section 5, the provisions of the act, as amended by Stats. 1915, p. 107, c. 86, sec. 1, 3 Revised Laws, p. 2976,

are made inapplicable to a situation involving the operations of the particular trains.

Section 5 of the act as amended reads as follows:

"The provisions of this act shall not apply to or include any railroad company, or receiver, or manager thereof, of any line of railroad in this state less than 95 miles in length, nor of any line of railroad in this state on which but one train a day is operated each way; neither shall they apply to the operation of light engines and tenders when running as such outside the yard limits."

1. We are of opinion that section 5, as amended, excepts from the provisions of the act two classes of railroad companies; one operating a line of railroad less than 95 miles in length, and the other operating a railroad on which but one train a day is operated each way, and no more.

It is argued, however, that the penalty provided by the act cannot be enforced against appellant on account of the doubt and uncertainty arising from the language of section 5, "nor of any line of railroad in this state on which but one train a day is operated each way." This language means and refers to a class of railroads whose business is restricted and limited exclusively to the operation of but one train a day each way over their lines, and no more. Counsel for appellant interpret the language quoted to mean that a company which operates one train a day each way over its line does not violate the act in operating another train on the same day, insufficiently manned, but one way over its line. In support of this contention it is argued that the synonym for "each" is "every"; hence "each way" means "every way," and applied to a situation involving two ways, "each way" necessarily means "both ways" and, since in this instance there was but one train operated each way on the day in question, the penalty imposed by the act cannot be enforced. There might be some force to this reasoning if we were called upon to determine the meaning of the term "each offense" as used in the section which provides the penalty for the violation of the

act. We are of opinion that the word "every" is not always synonymous with the word "each." Griffin v. Interurban St. R. Co., 180 N. Y. 538, 72 N. E. 1142. In view of the plain meaning and purpose of the act, we are of opinion that the term "each way," as used in section 5, does not necessarily mean "every way." Conceding that the appellant actually operated but one passenger train each way on a particular day over its line, we cannot see how it could, simply to suit its own convenience, operate a freight train insufficiently manned on the same day one way over its line without doing violence to the full crew law designed to promote the public safety.

2. The objection that the penalty imposed by the act cannot be enforced on account of the doubt and uncertainty arising from the language used in section 5, "nor of any line of railroad in this state on which but one train a day is operated each way," is without merit. While the statute is penal in nature, and is to be strictly construed, we are not authorized so to interpret it as to defeat the obvious purpose of the legislature (25 R. C. L. 1085), which would be the result should we sustain appellant's objection to the enforcement of the penalty imposed.

The judgment is affirmed.