IDA GORDON, Appellant, *v.* SOLOMON HOCHBERG, Respondent.

Supreme Court, Appellate Term, Second Department, June 15, 1944.

*George H. Rosen* for appellant.

*Zoltan Gross* for respondent.

MEMORANDUM *Per Curiam.* The action is to recover rent for the month of April, 1944. The defendant asserts a counterclaim under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)] for damages in the sum of $150, together with a reasonable counsel fee.

On August 23, 1943, plaintiff leased an apartment to the defendant for a term of one year commencing October 1, 1943, at an annual rental payable in monthly installments. After the lease was signed the Office of Price Administration adopted a regulation subjecting the premises herein to rent control and fixing the maximum rent at a rate no higher than charged for the same premises in March, 1943. The regulation became effective on November 1, 1943. The rent stipulated in the lease, which was $5 per month in excess of that charged for the apartment in March, 1943, was collected by the plaintiff during the months of November and December, 1943, and January, 1944. In February, 1944, the defendant deducted $15 from the rent due that month and his wife signed a receipt which recites that the $15 represents a return of rent for the months of November, December and January according "to O. P. A. rules."

The trial court awarded defendant judgment on his counterclaim in the sum of $150, in addition to a counsel fee of $25. Presumably the $150 represents damages of $50 for each of the three months during which rent beyond the applicable maximum was collected and retained by the plaintiff.

Subdivision (e) of section 205 of the Emergency Price Control Act of 1942, so far as pertinent, provides as follows: "If any person, selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be."

In collecting rent for the months in question in excess of the applicable maximum plaintiff became subject to the statutory liability. Such liability, however, was not cumulative, for the statute, insofar as it affects the transgressor, is penal in nature

and does not impose cumulative penalties. (*Griffin* v. *Inter-urban Street Ry. Co.*, 180 N. Y. 538; *Sturgis* v. *Spofford*, 45 N. Y. 446; *Jones* v. *Rochester Gas & El. Co.*, 168 N. Y. 65; *Cox* v. *Paul*, 175 N. Y. 328.) The statute contains no clear expression of any legislative intent to impose cumulative penalties.

Under the statute, defendant is entitled to $50 by way of damages. Having received $15 on account thereof his recovery must be limited to $35 plus counsel fee awarded.

The judgment should be modified upon the law by reducing the amount of the recovery on the counterclaim against the plaintiff to the sum of $60, and as so modified affirmed, without costs of this appeal to either party.

MacCRATE, SMITH and STEINBRINK, JJ., concur.

Judgment modified.