Henry McClover et al., Plaintiffs, *v.* Kingswood Management Corporation, Defendant.*

Municipal Court of the City of New York, Borough of Brooklyn, January 31, 1945.

*Jacob A. Salzman* for plaintiffs.

*David A. Ferdinand* for defendant.

Gutman, J. On the motion made by plaintiffs' counsel for a directed verdict, the motion is granted.

The section of the Emergency Price Control Act of 1942 (§ 205, subd. [e]; U. S. Code [1940 ed., Supp. III], tit. 50,

* Reversed with memorandum for error in striking out testimony offered by landlord that major capital improvement had been made, 185 Misc. 190.

Appendix, § 925, subd. [e]) which controls in this case provided as follows: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be.   *   *   * "

In this case it has been conceded that as to eight of the plaintiffs the rents collected for a period of six months commencing November 1, 1943, █ exceeded the rental collected from the occupants of their respective apartments in March, 1943.█ The amounts paid in March, 1943, and the amounts collected November 1, 1943, and subsequent thereto are set forth in the record. The defendant has failed to adduce any evidence which would legally justify the raising of rentals in excess of that which was paid for the same apartments in March, 1943.

It is unnecessary in view of the ruling made by the court during the course of this trial to further elaborate on the facts, and the court will therefore confine itself at this time to consideration of the motion for a directed verdict.

As to the amounts to which the respective plaintiffs are entitled, the court looks for guidance to the ruling of the Appellate Term of this department in the case of *Gordon* v. *Hochberg* (182 Misc. 117).

The facts in that case were substantially similar to those in this case excepting that the total of overcharges as to each plaintiff in the present case, substantially exceeds, if trebled, the alternative $50 penalty which the law provides.

The Appellate Term decided that the penalties in a case of this kind are not cumulative. In support of that ruling it cited numerous authorities which have been followed in this State for a long period of time.█

We must now consider the question as to what is the penalty in the case. The statute provides for a penalty of $50, or

treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater. Thus, treble the amount of the overcharge is the penalty unless the total does not equal $50, in which event $50 may be recovered as the penalty.

Counsel for the plaintiffs argues that all of the overcharges should be totaled and trebled, and if the total exceeds $50, as it would in this case, that total should be the amount of recovery for any particular plaintiff. If multiplying the $50 penalty by the number of months in which an overcharge of rent was exacted would result in a cumulative penalty, the court is of the opinion that the same would apply if we multiplied or totaled the number of months during which an overcharge was made and trebled the total. I can see no distinction in applying the rule as to cumulative penalties, whether the final result is obtained by multiplying the $50 amount by the number of months or multiplying treble the overcharge by the number of months during which it was exacted.

It seems equally clear to the court that if the ruling that penalties are not cumulative is to be followed, only one penalty may be imposed. It also seems clear to the court that the person paying an amount exceeding the ceiling price is entitled to recover from the defendant the overpayments for the months subsequent to the one on which the penalty is founded; otherwise an unjust situation would obviously be created in any cases where the individual payments were of a substantial nature.

It is therefore the finding of the court that each of the eight plaintiffs on behalf of whom proof was offered is entitled to judgment, first, for the amount of $50, since that exceeds three times the amount of the initial overcharge; that each of said plaintiffs is further entitled to recover the total amount of the overcharges for the five succeeding months.

The court therefore directs the jury to render a verdict in favor of the plaintiff Wadell in the amount of $50 plus $30, in a total amount of $80; in favor of the plaintiff Dorsey in a total amount of $85; in favor of the plaintiff Tait in a total amount of $80; in favor of the plaintiff Adams in a total amount of $70; in favor of the plaintiff Edwards in a total amount of $85; in favor of the plaintiff Richards in a total amount of $80; in favor of the plaintiff Joyce in a total amount of $80. The jury is so directed.

Application of the plaintiffs' attorney for counsel fee will be considered separately.